HENRY COVERDALE *et al. versus* ABEL WILDER *et al.*

An indenture, by which a debtor made a general assignment of his property in trust for the benefit of his creditors, provided that the assignees should first satisfy and pay unto any deputy sheriff all claims or incumbrances he might have upon any of the property assigned, by virtue of any attachment thereof upon any legal precept. A deputy sheriff, who had made such an attachment, became a party to the indenture, but the action was not discontinued. The assignor died, and a commission of insolvency was issued upon his estate, and so the attachment was dissolved The attaching creditor summoned in the administrator, and *recovered judgment.* Upon a bill in equity brought by the attaching creditor and the attaching officer, against the assignees, it was *held,* that the execution of the assignment by the officer enured to the benefit of the attaching creditor ; that the intent of the assign ment was, that the debt due to such creditor should be paid, and not merely that his lien should be removed ; that his continuing his action in court was not a waiver of his right under the assignment ; and that he was entitled to recover the amount of his original claim, with so much of the costs as had accrued before the execution of the assignment.

BILL in equity. It is agreed by the parties, that Coverdale, one of the plaintiffs, sued out a writ against Allen Aldrich and certain persons as his trustees, and committed the writ to Seneca Hills, the other plaintiff, a deputy sheriff, who on January, 24, 1834, attached thereon two parcels of land, the property of Aldrich, and made due service upon the trustees. The action was entered at the Court of Common Pleas, March term, 1834, when the trustees were defaulted, and judgment was rendered for Aldrich, on demurrer ; whereupon an appeal was taken by Coverdale. Aldrich died in March 1834, after the appeal and before the next term of the Supreme Judicial Court, (April term 1834,) at which term the

appeal was entered by Coverdale, the death of Aldrich sug-   Coverdale
gested, and the action continued to cite in the administratrix   Wilder.
of Aldrich. The administratrix came into court at the next
September term, and took upon herself the defence of the
action. At April term 1835, Coverdale obtained judgment
for $143·62 debt and $54·60 costs. The estate of Aldrich
was represented insolvent, and a commission of insolvency
issued thereon in 1834. Upon the suggestion of this fact ex-
ecution was stayed till the further order of court, and accord-
ingly no execution has issued and the judgment remains unsat-
isfied. The plaintiffs seek to recover of the defendants in
this suit, the amount of the judgment against the administratrix.
The property attached was of sufficient value to satisfy this
judgment.

On January 29, 1834, Aldrich conveyed and assigned his
estate, real and personal, including that which was attached, to
the defendants, in trust for the benefit of his creditors, by an
indenture containing a provision, that the assignees, after pay-
ing the expenses of executing the assignment and the trusts
therein created, shall apply the proceeds of the assigned prop-
erty, " first, to satisfy and pay unto Seneca Hills, a deputy
sheriff under Calvin Willard, Esquire, sheriff of the county of
Worcester, or any other deputy under him the said Calvin
Willard, all claims or incumbrances he or they may have upon
any of the real or personal estate, effects or credits, mentioned
in the schedule hereunto annexed, by virtue of any attachment
upon any legal precept which may have been made by him or
them upon said property." Hills, on March 24, 1834, be-
came a party to the deed of assignment, in season to entitle
himself to the benefit of its provisions. The administratrix
did not include in the inventory of Aldrich's estate, any of
the property attached or assigned.

If upon these facts the Court should be of opinion, that the
plaintiffs were entitled to recover the amount of the debt and
costs abovementioned, judgment was to be rendered for the
plaintiffs ; and if entitled to recover only a part of those costs,
evidence was to be introduced in relation to those costs before
a final decree should be made.

S. Allen, for the plaintiff. The provision of the assignment,   *Oct 6th*

recited in the statement of facts, was intended as a substitute for the attachment, and was designed to enable the assignees to obtain the property, by paying the attaching creditor s demand, and they are not discharged from this trust by the death and insolvency of the debtor. The prosecution of the claim to judgment was not a waiver of the creditor's rights under the assignment. *New England Bank* v. *Lewis*, 8 Pick. 113.

The assignees are liable for the whole costs, because it was their duty to stop the action forthwith by paying the demand. *New England Bank* v. *Lewis*, 8 Pick. 113.

*W. S. Hastings*, *contrà*, contended that the object of the clause in question was, not to pay the debt of Coverdale, but to relieve the property from his attachment. The death and the commission of insolvency were prior to the commencement of the present suit, and the attachment was thereby discharged by operation of law, and no duty remains to be per formed by the defendants, under the assignment, in reference to the plaintiffs. And the plaintiffs suffer no loss, since the assignment does not require any release from the creditor; becoming parties to it. *Martin* v. *Abbott*, 1 Greenl. 333 ; *Patterson* v. *Patten*, 15 Mass. R. 473 ; *Stanwood* v. *Scovel*, 4 Pick. 422 ; *St.* 1822, *c.* 93, § 6 ; 1783, *c.* 59, § 2 ; *Bullard* v. *Dame*, 7 Pick. 239.

The costs were unnecessarily incurred, if Coverdale had security for his debt, under the assignment.

*Oct. 7th.*   *Per curiam.* The first question is whether the plaintiffs are parties to the assignment. It is not executed by Coverdale, but his assent might be presumed, within the case of *Ward* v. *Lewis*, 4 Pick. 518, the assignment being for his benefit ; but it is not necessary to resort to that ground, since Hills may be regarded as his agent.

The next question is, whether Coverdale was a preferred creditor ; and this depends on the clause recited from the assignment. In order to carry the assignment into effect to the greatest advantage, it was important to remove all attachments ; and the deed provides, that the assignees, after paying the expenses of executing the assignment and the trusts therein contained, shall apply the proceeds of the assigned property, first, to pay to Hills, or any other deputy sheriff, all claims or in-

Coverdale
v.
Wilder

cumbrances he or they may have upon the property, by virtue of any attachment. It is contended, on one side, that the object of this clause was to pay the debt secured by an attachment ; and on the other side, that it was to remove the lien merely. It appears that before final judgment in the action of Coverdale, Aldrich deceased, and his estate was represented insolvent, and a commission of insolvency issued, and thereby the attachment was discharged ; and so the assignees say they are not bound to proceed further in regard to Coverdale's demand. Probably the event of the debtor's decease was not in the contemplation of the parties. We must endeavour to give the instrument such a construction as will effect their intentions. And we think the fair construction is, that a preference was created in favor of the claims secured by attachments, and that the object was to remove the liens by paying the debts. It is true, the plaintiff Coverdale might have withdrawn his action ; and then it would have been clear that he should be paid. His continuing it in court may have been for greater security. However this may be, it could have no effect on the construction of the instrument of assignment. The plaintiff, we think, is entitled to recover the amount of his original debt.

The remaining question relates to the costs of Coverdale's action. We think the assignment contemplated the extinguishment of certain debts on which attachments had been made, and not the costs which should accumulate by keeping the actions in court. The plaintiff will therefore recover the costs to the time of the execution of the assignment, but not those accruing subsequently.